Carl L. Hecknauer, Appellant *v.* John R. Coder, Mayor of the City of Williamsport, and the City of Williamsport, Appellees.

Argued September 16, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Robert C. Wise*, for appellant.

*Norman M. Lubin,* with him *Michael J. Casale,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, November 3, 1977:

The issue presented in this appeal is whether appellant, Carl L. Hecknauer, appointed by the mayor of the City of Williamsport to the position of city zoning officer and codes administrator, was entitled to a hearing under the Local Agency Law[1] incident to being discharged from that position by the mayor. The court below concluded that appellant was not entitled to such a hearing. We agree, and, therefore, affirm.

The facts of this case are not in dispute. In 1969, appellant was appointed city zoning administrator by the city council of the City of Williamsport. In 1972,

--- --

[1] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

when the City adopted the Mayor-Council Plan A form of government pursuant to the Optional Third Class City Charter Law,[2] all existing appointive offices were abolished, and the terms of all appointed officers ceased on the effective date of the optional plan.[3] Under the new city charter, appellant was reappointed city zoning administrator, this time by the mayor of Williamsport. Appellant served in this position until January 10, 1975, when he was orally discharged by the mayor.[4] There was no hearing prior to appellant's dismissal, nor was appellant given an opportunity for a hearing before or after discharge.

Appellant subsequently filed a mandamus action in the Court of Common Pleas of Lycoming County seeking reinstatement to his position and payment of back salary and other emoluments of office. At trial, appellant's sole basis for recovery was that appellees failed to comply with the Local Agency Law in that appellant was not given reasonable notice of a hearing or an opportunity to be heard in connection with his dismissal. The court below granted appellees' motion for compulsory nonsuit and dismissed appellant's complaint with prejudice. This appeal followed.

It is conceded by appellant that the mayor of Williamsport had the *right* to dismiss appellant from his position. Section 415(e) of the Optional Third Class City Charter Law, 53 P.S. §41415(e), provides that, under Mayor-Council Plan A, department heads may, with the approval of the mayor, dismiss subordinate officers and employees who are not employed in civil

---

[2] Act of July 15, 1957, P.L. 901, *as amended*, 53 P.S. §41101 et seq.

[3] Section 624(a) of the Optional Third Class City Charter Law, 53 P.S. §41624(a).

[4] At the time of appellant's dismissal, the City had no director of public services. Under such circumstances, the mayor was the department head.

service jobs. Given the facts here, the mayor himself had the authority to fire appellant pursuant to Section 415(e), since there was no director of public services.

It is further conceded by appellant that he had no "property right" or "property interest" in his employment. This concession is certainly sound. *See Bishop v. Wood*, 426 U.S. 341 (1976); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972); *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976). Rather, appellant argues that his public employment status was a "personal right" or a "privilege" within the meaning of Section 2(1) of the Local Agency Law, 53 P.S. §11302(1). By so arguing, appellant attempts to distinguish this case from our holding in *Amesbury, supra*.

The statutory right to a hearing which appellant seeks to have applied to him is found in Section 4 of the Local Agency Law, 53 P.S. §11304. That section provides, in pertinent part: "No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." Thus, appellant was entitled to a hearing under Section 4 only if the mayor's act of firing him constituted an "adjudication."

"Adjudication" is defined in Section 2(1) of the Local Agency Law as follows:

'Adjudication' means any final order, decree, decision, determination or ruling by a local agency affecting *personal* or property *rights, privileges*, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of

property, or which involves paroles or pardons. (Emphasis added.)

In *Amesbury, supra,* we held that an employee of a county institution district, employed "at the will and pleasure of the commissioners of the Institution District," was not entitled to a hearing under the Local Agency Law because such employment was not a "property right" under the above quoted Section 2(1) definition of "adjudication." Although we focused in *Amesbury* upon the term "property right" as contained in Section 2(1) of the Local Agency Law, the interest we were examining in that case is precisely the interest which presents itself here: to wit, the interest that a noncivil service public employee, dischargeable at will, has in his continued public employment. Crucial to our decision in *Amesbury* was the fact that the public employee in question had no guarantee of continued public employment conferred either by contract or by statute. We stated that "[a]n enforceable expectation of continued public employment can exist only if the employee, by statute or contract, has been granted some form of guarantee." *Amesbury, supra* at 421, 366 A.2d at 633. We specifically noted that the absence of a statutory guarantee was the "salient factor" which distinguished our holding there from prior cases before this Court where the right to continued public employment had been guaranteed by statute. *Amesbury, supra* at 421 n. 3, 366 A.2d at 633 n. 3.

Factually, the case at bar is quite similar to *Amesbury*. Appellant here served at the will and pleasure of the mayor of Williamsport. The mayor had the express statutory right and prerogative to terminate appellant's employment. Appellant here had no guarantee of continued public employment conferred upon him either by contract or by statute. Just as in *Amesbury* we were unwilling to find that the interest

in continued public employment was a "property right," absent contractual or statutory guarantee, so too here are we unwilling to find that appellant's interest in continued public employment constitutes either a "personal right" or a "privilege" within the meaning of Section 2(1) of the Local Agency Law absent the presence of either (1) a personal right or privilege created by statute and characterized as such, or (2) some constitutionally protected right or privilege, neither of which is present here.

ORDER

Now, November 3, 1977, the order of the Court of Common Pleas of Lycoming County is hereby affirmed.