681 A.2d 1331

Daniel H. WERNER, Jr., Appellant,

v.

Joseph L. ZAZYCZNY, Secretary Office of Administration and William G. Chadwick, Jr., Inspector General, Appellees.

Supreme Court of Pennsylvania.

Submitted Dec. 6, 1995.

Decided Aug. 21, 1996.

Elliot A. Strokoff, Jill C. Fluck, Harrisburg, for Appellant.

Frank A. Fisher, Jr., Patricia J. Goldband, Harrisburg, for Appellees.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

■ Appellant, Daniel H. Werner, Jr., directly appeals the Commonwealth Court's dismissal of his Petition for Review which sought a writ of mandamus to compel an administrative hearing on his discharge from his position as Special Investigator III with the Inspector General's Office. The first issue raised is whether appellant, who was an at-will public employ-

ee, has a property interest or privilege in his continued employment such that he would be entitled to an administrative hearing on his dismissal from employment. The other issue raised is whether the Commonwealth Court erred in not granting appellant leave to amend his Petition for Review.[1] Because we find that appellant's claims are without merit, we affirm the Commonwealth Court's order sustaining appellees' preliminary objections to appellant's Petition for Review.

The facts giving rise to this appeal are that on September 14, 1987, appellant, Daniel H. Werner, Jr., was hired through the Executive Offices of Administration of the Commonwealth of Pennsylvania ("OA") as a Special Investigator II in the Office of Inspector General ("OIG"). Appellant later received a promotion to the rank of Special Investigator III. Neither of these positions were protected by the provisions of the Civil Service Act.[2]

1. Appellant's brief claims that his dismissal without being afforded an opportunity for an administrative hearing resulted in a violation of his federal and state constitutional rights. Appellant also claims that appellees breached their contractual duty of good faith and fair dealing by dismissing him from his Special Investigator III position. At the outset, we note that the Commonwealth Court did not address these claims in dismissing appellant's Petition for Review. A review of the record discloses that appellant did not clearly preserve these issues when addressing appellees' preliminary objections. Thus, these issues are deemed waived.

 Appellant's brief also claims the Commonwealth Court erred in sustaining appellees' preliminary objections since it did not consider his promissory and equitable estoppel claims. Rule 1513(a) of the Rules of Appellate Procedure requires that a petition for review contain a "general statement of the objections to the order or other determination" and "[t]he statement of objections will be deemed to include every subsidiary question fairly comprised therein." Pa. R.App. P. 1513(a). A review of appellant's Petition for Review shows that these legal theories were neither raised nor could they be fairly comprised from the objections raised. Accordingly, the Commonwealth Court was correct in not considering these estoppel claims. *See Tyler v. Unemployment Compensation Board of Review*, 139 Pa. Commw. 598, 591 A.2d 1164 (1991) (Commonwealth Court will decline to consider issues raised in petition for review even though the issues were raised in claimant's brief).

2. Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§·741.1–741.1005.

On August 9, 1993, while on disability leave from his Special Investigator III position, appellant was arrested by the Pennsylvania State Police as a result of a domestic altercation which he had with his wife. After being arrested, appellant was charged with one felony offense (aggravated indecent assault) and three misdemeanor offenses (simple assault, reckless endangerment of another person and terroristic threats). In a letter dated August 12, 1993, appellee William G. Chadwick, Jr., then Inspector General of the Commonwealth, informed appellant that he was suspended without pay until further notice in accordance with the provision of the Governor's Code of Conduct For Appointed Officials and State Employes Criminal Charges ("Governor's Code of Conduct"), 4 Pa.Code § 7.173.[3] Mr. Chadwick's letter also informed appellant that the OIG would conduct an independent investigation into the circumstances surrounding his arrest.

On December 13, 1995, all four charges against appellant were dismissed by District Justice Gregory Johnson.[4] Appellant, however, remained on suspension pending completion of the independent investigation being conducted by the OIG.

In a letter dated March 2, 1994, the OA's personnel officer informed appellant that he was being dismissed from his Special Investigator III position as of March 4, 1994. The March 2, 1994 letter informed appellant that the OIG investigation determined that:

> 1. While on paid work-related disability leave resulting from an accident and injury which occurred on June 23, 1993, you conducted an extensive surveillance of your wife during which you drove your private vehicle to Maryland.

---

**3.** Section 7.173 of Title 4 of the Pennsylvania Code requires the following:

> As soon as practicable after an employe has been formally charged with criminal conduct related to his employment with the Commonwealth or which constitutes a felony, the employe shall be suspended without pay. If the charge results in conviction in a court of law, the employe shall be terminated.

**4.** The record does not reflect the reasons why all of the charges against petitioner were dismissed.

2. On the same day, you physically assaulted your wife at your residence causing bodily injury.

3. You were arrested by the Pennsylvania State Police and charged with the above four offenses.

4. You were previously arrested by the State Police for a similar incident on September 25, 1989.

5. You and your counsel, [sic] improperly induced your wife to refuse to cooperate with the District Attorney's prosecution by offering her specific financial incentives not to testify.

6. As a direct result of your wife's subsequent refusal to testify, the charges against you were dismissed.

The letter also stated that the OIG believed these findings justified appellant's dismissal because the OIG found that appellant's actions discredited and embarrassed the OIG and caused the OIG to lose the necessary trust and confidence in him that was required for the Special Investigator III position.

Following his dismissal, appellant requested that appellee Joseph L. Zazyczny, Secretary of Administration, conduct an administrative hearing. This request for a hearing was denied.

■■■■ Appellant then filed a Petition for Review with the Commonwealth Court of the Secretary of Administration's refusal to conduct a hearing. In his petition, appellant sought a writ of mandamus to compel either his reinstatement to his Special Investigator III position or a post-discharge hearing.[5]

---

**5.** Actions seeking a writ of mandamus to the Secretary directing him to afford appellant a post-discharge hearing fall under the Commonwealth Court's original jurisdiction pursuant to 42 Pa.C.S. § 761. Such actions are then subject to direct appeal to this Court pursuant to 42 Pa.C.S. § 723(a). In appellant's Petition for Review, he also sought review of the alleged adjudication by the Office of Administration terminating his employment. Review of an administrative agency determination does not fall within the Commonwealth Court's original jurisdiction. Rather, such an action falls within the Commonwealth Court's appellate jurisdiction for which review by this Court is discretionary. Appellant sought review of the Commonwealth Court decision denying his appeal but his petition for review of that order was denied

Appellees filed Preliminary Objections and a Motion to Quash. The Commonwealth Court sustained appellees' preliminary objections and dismissed appellant's Petition for Review on the basis that appellant, as an at-will employee, had no right to an administrative hearing under Section 504 of the Administrative Agency Law. On August 15, 1994, the Commonwealth Court denied appellant's Application for Reargument.

In order to determine whether the Commonwealth Court properly sustained appellees' preliminary objections, this Court must consider as true all the well-pleaded material facts set forth in appellant's petition for review and all reasonable inferences that may be drawn from those facts. *Mulholland v. Pittsburgh National Bank,* 405 Pa. 268, 271–72, 174 A.2d 861, 863 (1961). Preliminary objections should be sustained only in cases clear and free from doubt that the facts pleaded by appellant are legally insufficient to establish a right to relief. *Baker v. Brennan,* 419 Pa. 222, 225, 213 A.2d 362, 364 (1965). Because appellant has failed to plead facts that would warrant the issuance of a writ of mandamus, we affirm the Commonwealth Court's grant of appellees' preliminary objections.

Mandamus "is only appropriate to compel performance of a ministerial act or mandatory duty where there is a clear right in the petitioner to have the act performed . . . and a lack of any other appropriate and adequate remedy." *Travis v. Teter,* 370 Pa. 326, 329, 87 A.2d 177, 179 (1952). The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief. *Citizens Committee to Recall Rizzo v. Board of Elections,* 470 Pa. 1, 7, 367 A.2d 232, 235 (1976).

We also preliminarily note that as a general rule, Pennsylvania law holds that "employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason." *Stumpp v. Stroudsburg Municipal Authority,* 540 Pa. 391, 658 A.2d 333, 335 (1995). This general rule is

by this Court. *Werner v. Zazyczny,* 539 Pa. 661, 651 A.2d 546 (1994)(Table).

not abrogated just because the employee is a governmental worker since one does not have a *per se* right in governmental employment. *Commonwealth, Office of Administration v. Orage,* 511 Pa. 528, 531, 515 A.2d 852, 853 (1986). Moreover, an at-will employee has no cause of action against his employer for termination of the at-will relationship except where that termination threatens clear mandates of public policy. *Paul v. Lankenau Hospital,* 524 Pa. 90, 95, 569 A.2d 346, 348 (1990).

## 1. *Administrative Agency Law*

Appellant first maintains that he is entitled to an administrative hearing under Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, because his dismissal from his Special Investigator III position constituted an adjudication by a Commonwealth agency which affected a property right or privilege. Section 504 of the Administrative Agency Law provides for an administrative review of a Commonwealth agency where said decision constitutes an adjudication.[6] While appellees admit that appellant was not afforded an administrative hearing on his termination, they argue that appellant was not entitled to a hearing because the decision to dismiss him from his Special Investigator III position did not constitute an "adjudication" as defined in Section 101 of the Administrative Law and Procedure Act. Under Section 101, an adjudication is defined in relevant part as:

> [A]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made.

2 Pa.C.S. § 101. Thus, in order for appellant's dismissal to have been an "adjudication" which would entitle him to an Administrative Agency Law hearing, appellant must establish

6. Section 504 of the Administrative Agency Law provides that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 504.

that his dismissal affected some personal or property right, privilege or immunity.

A governmental employee only has a personal or property right in his employment where he can establish a legitimate expectation of continued employment through either a contract or a statute. *Id.; Gough v. Borough of Norristown*, 66 Pa. Commw. 401, 403, 444 A.2d 839, 840 (1982). Here, appellant is admittedly a non-union, non-civil service employee. Appellant cannot, therefore, point to any statute or employment contract which would guarantee him continued employment as a Special Investigator III. *See Pivarnik v. Commonwealth, Dep't of Transportation*, 82 Pa. Commw. 42, 45, 474 A.2d 732, 734 (1984) (non-union, non-civil service public employee cannot claim statutory right to continued governmental employment).

Despite being an at-will employee, appellant asserts that the decision to dismiss him from employment was an adjudication which entitled him to an administrative hearing because the Governor's Code of Conduct, 4 Pa.Code §§ 7.171–7.179, created a legitimate expectation of continued employment sufficient to convey a personal or property right in his continued employment.[7] We find this contention to be without merit.

7. Appellant's brief occasionally makes reference to other written and unwritten policies when arguing that he has a property interest in continued employment as a Special Investigator III. Appellant, however, fails to specify in either his Petition for Review or his appellate brief the content of or the citation to these alleged policies. This Court can find no such policies and will not endeavor to make this argument for appellant.

Appellant also alleges in his brief that appellees failed to adhere to Section 7.175 (timeliness of investigation) and 7.176 (procedures of making final determination after investigation) of the Governor's Code of Conduct, 4 Pa.Code §§ 7.175 and 7.176. This allegation is without merit. The two sections cited by appellant only apply to situations governed by Section 7.174 of the Governor's Code of Conduct, 4 Pa.Code § 7.174, where the employee is suspended because he was formally charged with criminal conduct other than a felony that is not relevant to his employment. Appellant here, however, was charged with a felony and thereby he was initially suspended pursuant to Section 7.173 of the Governor's Code of Conduct. Thus, the two sections cited by appellant do not apply.

The Governor's Code of Conduct, 4 Pa.Code §§ 7.171–7.179, is not a statute. Instead, it was promulgated through Executive Order 1980–18 and has been codified in the Pennsylvania Code. Only executive orders that have been authorized by the Constitution or promulgated pursuant to statutory authority have the force of law which could establish a personal or property right in continued employment. *Pagano v. Pennsylvania State Horse Racing Commission*, 50 Pa. Commw. 499, 502, 413 A.2d 44, 45 (1980), *affirmed*, 499 Pa. 214, 452 A.2d 1015 (1982); *Shapp v. Butera*, 22 Pa. Commw. 229, 234–35, 348 A.2d 910, 913–14 (1975). While the Governor may issue executive orders absent such authority, these executive orders will not be enforced by the courts. *Pagano, supra* at 502, 413 A.2d at 45.

Here, the portion of the Governor's Code of Conduct which appellant relies upon was not promulgated to either implement or supplement the Governor's powers under the Pennsylvania Constitution. Moreover, this Court finds no statute that authorizes the Governor to issue a directive granting a governmental employee an entitlement of continued employment to a non-union position not included within the civil service system. Thus, this Court concludes that the Governor's Code of Conduct is an executive order which does not have the force of law sufficient to confer a personal or property interest in continued employment upon appellant. Accordingly, this claim must fail.

Appellant alternatively argues that his dismissal constituted an adjudication requiring an administrative hearing because Article VI, Section 7 of the Pennsylvania Constitution creates a property interest in continued employment. Article VI, Section 7 provides that appointed civil or public officers "may be removed at the pleasure of the power by which they shall be appointed." Appellant argues that since his dismissal was not done by his appointing authority, a property right was implicated that entitled him to an administrative hearing.

Initially, we note that appellant fails to develop how Article VI, Section 7 creates a property right in his continued

employment. Assuming *arguendo* that such a property right is implicated, petitioner could not avail himself of its protection. Article VI, Section 7 expressly provides that it only applies to appointed civil or public officers. A person will be deemed a public officer if the person is appointed or elected to perform duties of a grave and important character, and which involve some of the functions of government, for a definite term. *Snyderwine v. Craley*, 434 Pa. 349, 354, 254 A.2d 16, 19–20 (1969). Here, appellant offers no evidence suggesting that his Special Investigator III position was for a definite term or that his position involved duties of a grave and important character that involved some function of government. *See Snyderwine, supra* (solicitor of township of the first class is a public officer since he is one elected or appointed to perform duties of grave and important character for the benefit of the public during a definite term); *Reese v. Danforth*, 486 Pa. 479, 483–84, 406 A.2d 735, 738 (1979) (fact that public defenders and county solicitors are in positions which are publicly funded and authorized by statute does not compel conclusion that they are public officers). Thus, appellant's argument that Article VI, Section 7 provides a personal or property right in continued employment must fail.

 Appellant next argues that his dismissal constituted an adjudication entitling him to an administrative hearing under Section 504 because at a minimum, public employment is a personal privilege.[8] This issue was addressed in *Hecknauer v. Coder*, 32 Pa. Commw. 308, 379 A.2d 638 (1977). In *Hecknauer*, the issue of whether a city zoning administrator should have been afforded an administrative hearing on his discharge under Section 2(1) of the Local Agency Law, 53 P.S.

---

**8.** Appellant cites *Henry v. Commonwealth, Pennsylvania State Police*, 80 Pa. Commw. 595, 471 A.2d 1341 (1984) (*"Henry I"*) to support this position. However, appellant's reliance on *Henry I* is misplaced. In *Henry I*, the right to public employment arose because a consent decree entered in federal court was the source of a state police cadet's personal or property right in public employment. This holding was restricted in *Henry v. Commonwealth, Pennsylvania State Police*, 86 Pa. Commw. 287, 484 A.2d 846 (1984) (*"Henry II"*), wherein the Commonwealth Court stressed that its holding in *Henry I* was limited to finding a right in employment because of the consent decree.

§ 11302(1). Section 2(1) was a prior codification of the Local Agency Law which afforded a hearing for an adjudication and it used the same definition of "adjudication" currently contained in Section 101 of the Administrative Law and Procedure Act. The *Hecknauer* court found that a city administrator, who was discharged from his at-will position, did not have an interest in his continued employment which could constitute a privilege. Thus, the *Hecknauer* court found that the at-will city employee was not entitled to administrative hearing. Like *Hecknauer*, we find that appellant has failed to plead facts sufficient to establish that his interest in continued employment as a Special Investigator III constitutes a privilege. Thus, no adjudication occurred which would entitle appellant to an Administrative Law hearing.

Based on the above, we conclude that the Commonwealth Court properly sustained appellees' preliminary objections to appellant's claim that his dismissal constituted an adjudication entitling him to an administrative hearing because appellant failed to plead facts sufficient to establish a property right or privilege in his continued employment. Thus, appellant's claims regarding his entitlement to a post-discharge hearing under Section 504 of the Administrative Agency Law must fail.

## 2. *Leave to Amend*

Appellant finally contends that the Commonwealth Court should have granted him leave to amend his Petition for Review after it sustained appellees' preliminary objections. If leave were granted, appellant asserts that he could have corrected any defects in his pleading and alleged more detailed rights or privileges entitling him to continued employment.

Rule 1033 of the Pennsylvania Rules of Civil Procedure [9] allows a party to amend his or her pleadings with either

9. Rule 1033 provides that:

[A] party, either by consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party, or amend his pleading. The amended pleading may aver transactions

the consent of the adverse party or leave of the court. Leave to amend lies within the sound discretion of the trial court and "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Connor v. Allegheny General Hospital,* 501 Pa. 306, 310, 461 A.2d 600, 602 (1983).

Here, petitioner's claim fails because he never requested that the Commonwealth Court allow him leave to amend. Appellant fails to cite to any case law, and we can find none, requiring a court to *sua sponte* order or require a party to amend his pleading. Moreover, a court is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted. *See Spain v. Vicente,* 315 Pa.Super. 135, 142–43, 461 A.2d 833, 837 (1983) (trial court did not err in refusing to permit amendment of defamation complaint to allow more specific details since no formal motion to amend was ever made and plaintiff's deposition militated against likelihood of establishing claim). Thus, appellant's claim must fail.

### CONCLUSION

Based on the above, we find that appellant did not plead facts sufficient to establish his right to a post-discharge hearing and that the Commonwealth Court was not obligated to grant appellant leave to amend. Accordingly, we affirm the order of the Commonwealth Court sustaining appellees' preliminary objections to appellant's Petition for Review.

---

or occurrence which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.