**Rohner v. Middle Smithfield Township**

C.P. of Monroe County, No. 5111 CV 2013

*Cletus P. Lyman*, for appellant.

*Michael A. Gaul,* for appellee.

ZULICK, *J.,* December 9, 2013—This matter is before the court on Middle Smithfield Township's Petition to Quash Appellant Wayne Rohner's Local Agency Appeal following Mr. Rohner's dismissal as the Middle Smithfield Township Zoning Officer on May 23, 2013. Mr. Rohner's appeal was timely filed on June 24, 2013. The township filed a petition to quash the appeal on August 1, 2013. A rule was issued to file an answer to the petition. Mr. Rohner filed an answer to the petition on September 5, 2013. The township then filed a motion for hearing which was scheduled for November 19, 2013.

The parties filed briefs and appeared for a hearing on November 19, 2013, where testimony was presented.

## FINDINGS OF FACT

1. Wayne Rohner was the zoning officer for Middle Smithfield Township from October 13, 1995 through October 23, 2000, when he resigned, and from March 12, 2007 through May 23, 2013 when the current Board of Supervisors terminated his employment.

2. Mr. Rohner was appointed by the Supervisors at their organizational meeting each year in January, including his last appointment at their January 7, 2013 organizational meeting.

3. On March 4, 2013, Rohner denied the East Stroudsburg School District's application for a certificate of compliance for a building addition the school district was constructing in the township. The school district appealed the zoning officer's denial of the certificate to the Zoning Hearing Board.

4. The Supervisors terminated Rohner's employment on May 23, 2013.

5. While he was zoning officer, the township obtained a publication from the Pennsylvania Department of Community and Economic Development published in 2007, entitled "The Zoning Officer, Planning Series #9." Rohner (plaintiff's) Exhibit 1.

6. That publication provides the following information:

Removal

The zoning officer, not the solicitor nor an elected official, is charged with administering the zoning ordinance according to its literal terms. If an elected official, for instance, directs the zoning officer to do an improper act, try to document that unusual advice. Ask for a letter or memorandum explaining the rationale. In the event the zoning officer is fired for issuing a proper permit or for denying a deficient application, the zoning officer is entitled to a hearing under the Local Agency Law for redress of the dismissal.

Rohner Exhibit 1, page 3.

7. Rohner did not have a written contract of employment with the township.

8. Rohner was not a member of a union or subject to a collective bargaining agreement with the township.

9. The Middle Smithfield Township Employee Handbook that was in effect in 2013 provides in Section 3:1:

3:1 Employment at Will

We are happy to welcome you to Middle Smithfield Township. We sincerely hope that your employment here will be a positive and rewarding experience. Employment with the Township is "at will" and will last so long as both the employee and the Township choose to continue the relationship without limitation on either party. Nothing contained in this handbook is intended to create, no creates (sic), an expressed or implied employment contract. Your employment relationship with the Township is voluntary on the party (sic) of both the Township and you, and either party may terminate that relationship with or without cause. While was ask (sic) for reasonable notice, the employee may terminate the relationship at any time, for any reason, and the township retains the same right.

Township Exhibit 5.

10. Mr. Rohner signed a "Handbook Acknowledgement Form" on January 17, 2013 in which he acknowledged that he did not have "an employment agreement with the Township for a specified period of time." Township Exhibit 4.

## DISCUSSION

The Township has petitioned to quash Mr. Rohner's appeal, contending that he was an at-will employee who had no right to continued employment with the Township after the Supervisors terminated his position as zoning officer on May 23, 2013. Mr. Rohner defends his appeal, contending that he was not an at-will employee, but had a property interest and a personal right in his position as the township zoning officer.

Mr. Rohner was appointed as zoning officer of Middle Smithfield Township by resolution of the Supervisors adopted at their January 7, 2013 organizational meeting. The appointment was authorized by the Municipalities Planning Code, 53 P.S. § 10614, which provides as follows:

§ 10614. Appointment and powers of zoning officer

For the administration of a zoning ordinance, a zoning officer, who shall not hold any elective office in the municipality, shall be appointed. The zoning officer shall meet qualifications established by the municipality and shall be able to demonstrate to the satisfaction of the municipality a working knowledge of municipal zoning. The zoning officer shall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance. Zoning officers may be authorized to institute civil enforcement proceedings as a means of enforcement when acting within the scope of their employment.

53 P.S. § 10614.

Rohner argues that he has a property interest and a personal right in continuing his position as zoning officer, and is entitled to a hearing under the Local Agency Law before he is discharged from employment for several reasons. First, he was appointed as zoning officer by the Supervisors on January 7, 2013, for a period of one year, and he therefore had "a legitimate expectation of continued employment." Appellant's brief, page 4.

Secondly, Rohner argues that the Pennsylvania

Department of Community and Economic Development publication entitled "The Zoning Officer, Planning Series #9" (2007) provides that he is entitled to a hearing under the Local Agency Law before his employment is terminated. The Local Agency Law provides in 53 P.S. §11304, in pertinent part:

No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 53 P.S. §11304 The term "adjudication" is defined in Section 2(1) of the Local Agency Law as follows:

"Adjudication" means any final order, decree, decision, determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture or property, or which involves paroles or pardons.

Finally, Rohner contends that he has a right under the Whistleblower Law, 43 P.S. §1421 et seq. not to be terminated for reporting wrongdoing as defined by that statute.

The township responds that a zoning officer does not have a "property right" or a "personal right" or a "privilege" within the meaning of Section 2(1) of the Local Agency Law to continued employment as a zoning officer, and that the zoning officer serves at the pleasure of the Board of Supervisors of the township. The township points out that this issue has been addressed by the Pennsylvania

Commonwealth Court in *Hecknauer v. Coder*, 379 A.2d 638 (Pa. Cmwlth. 1977).

In *Hecknauer*, Hecknauer was appointed as city zoning administrator of Williamsport by the mayor of the city in 1972. Hecknauer served in that position until he was orally discharged by the mayor in 1975 without a hearing. Hecknauer filed a mandamus action, seeking reinstatement and arguing that he was denied a hearing under the Local Agency Law. The trial court ruled against Hecknauer on a motion for compulsory non-suit, and Hecknauer appealed. The Commonwealth Court, citing *Amesbury v. Luzerne County Institution District*, 366 A.2d 631 (Pa. Cmwlth. 1976), ruled that Hecknauer's employment as zoning officer was an at will employment which conferred no right to continued public employment. "An enforceable expectation of continued public employment can exist only if the employee, by statute or contract, has been granted some form of guarantee." *Amesbury, supra* at 633. The *Hecknauer* court stated:

> Appellant here has no guarantee of continued public employment conferred upon him either by contract or by statute. Just as in *Amesbury* we were unwilling to find that the interest in continued public employment was a "property right", absent contractual or statutory guarantee, so too here are we unwilling to find that appellant's interest in continued public employment constitutes either a "personal right" or a "privilege" with the meaning of Section 2(1) of the Local Agency Law absent the presence of either (1) a personal right or privilege created by statute and characterized as such, or (2) some constitutionally protected right or privilege, neither of which is present here.

*Hecknauer*, 379 A. 2d at 640-641.

Mr. Rohner does not have a written contract of employment with the township. He has acknowledged in writing that he does not have an "employment agreement for a specific period of time." Township Exhibit 4. The "2013 Organization" minutes of the Board of Supervisors of January 7, 2013, state that Wayne Rohner was appointed Zoning Code Enforcement Officer, but do not state a particular term of appointment to that position. The Township Handbook provides in Section 3.1 that Middle Smithfield Township employees are employed at will. Township Exhibit 5.

The Second Class Township Code and the Municipalities Planning Code do not provide for tenure or a certain term of office for a zoning officer. *See* 53 P.S. §10614 supra. Although the Pennsylvania Department of Community and Economic Development published a pamphlet in 2007 entitled "The Zoning Officer, Planning Series #9." Rohner (plaintiff's) Exhibit 1 which stated that "in the event the zoning officer is fired for...denying a deficient application, the zoning officer is entitled to a hearing under the Local Agency Law for redress of the dismissal," this does not carry the authority of law. The preface to the publication states "(n)o liability is assumed with respect to the use of information contained in this publication...Please contact your solicitor for legal advise (sic)." Rohner has not pointed the court to any authority which gives him a "property right" "personal right" or "privilege" that has been taken from him which would entitle him to a hearing under the Local Agency Law.

Rohner also argues that he has a personal right not to

be discharged under the Whistleblower Law, 43 Pa.C.S.A. §1421 *et seq.* He states that the Township Employee Handbook provides in §20:2[1] that the "Township will comply with Pennsylvania's Whistleblower Law at all times." Appellant's brief, page 8. The Handbook provides that the Handbook is "not a contract or a promise" on page 6.

The parties have cited no authority lending support to the theory that a claim under the Whistleblower Law, 42 P.S.§1421 et. seq may provide grounds for a local agency appeal. Mr. Rohner may have a remedy under the Whistleblower Law for discharge due to a report of wrongdoing or waste. *Id.* §1423. The Whistleblower Law provides that a person alleging a violation of the act "may bring a civil action in a court of competent jurisdiction for injunctive relief or damages, or both..." *Id.* at 1424. The Whistleblower Law itself does not suggest that it may be enforced through the Local Agency Law. As the township points out, the standard of review the court applies in a local agency appeal will be much different than the court's fact-finding function in a non-jury trial. I am not persuaded that an alleged violation of the Whistleblower Law gives a zoning officer a "personal right" necessary for a local agency appeal. Mr. Rohner has a forum in this court for his claims under the Whistleblower Law, and if he is successful, he may be entitled to reinstatement and damages. But a local agency appeal is not the correct vehicle for this court to address that claim.

## ORDER

---

1. This section of the employee handbook is missing from township exhibit 5.

And now, this 9th day of December, 2013, following a hearing on Middle Smithfield Township's Motion to Quash Appellant Wayne Rohner's Local Agency Appeal, it is ordered that the motion is granted and the appeal is quashed.

