J-A14027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TWILA HAYNES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RIVERSIDE PRESBYTERIAN APTS. | : | No. 2896 EDA 2017 |

Appeal from the Order Entered September 1, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): August Term, 2017, No. 2975

BEFORE: GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 17, 2018**

Appellant, Twila Haynes, appeals *pro se* from the order dismissing, for

failure to state a claim upon which relief can be granted, her complaint filed

against Appellee, Riverside Presbyterian Apartments. We affirm.

The trial court summarized the history of this case as follows:

> [Appellant] commenced this action against Riverside
> Presbyterian Apartments by Complaint. Plaintiff
> contemporaneously filed a Petition to Proceed *In Forma Pauperis*
> ("IFP"), which was assigned to this court. As permitted under
> Pa.R.C.P. 240(j)(1), the court reviewed the IFP Petition and the
> Complaint.
>
> The Complaint sets forth a series of allegations regarding
> [Appellant's] employment by [Appellee] as an apartment complex
> security guard from 2012 until her termination in 2014. Initially,
> the Complaint states:
>
> > 4. On or about March 17, 2014, [Appellant] went to
> > the emergency room, where [Appellant] was told she
> > has a upper respiratory infection and was given
> > medicine

_____

* Retired Senior Judge assigned to the Superior Court.

5. On or about April 3, 2014 [Appellant] was seen by her doctor and was informed her respiratory infection has returned and the doctor gave [Appellant] a medical profile (note)

6. The letter stated, it is medically necessary for [Appellant] to were [sic] a surgical mask while at work due to the exposure of other ill individual [sic] for medical reason

7. On or about April 10, 2014 until June 20, 2014 [Appellee] was fine with [Appellant] wearing a surgical mask do [sic] to her upper respiratory infection

8. On or about June 20, [Appellant] was asked by [Appellee] for a doctor's note

9. On or about August 28, 2014 [Appellant] arrived at work [at] Riverside Presbyterian Apartments around 4:20 pm, and was called into management office and was told, by management to [Appellant] she no longer work here [sic] at Riverside Presbyterian Apartment

10. As a result of Riverside Presbyterian Apartments plaintiff [sic] breach of contract and violation of ADA Title 1 (American Disability Act) Plaintiff Civil Rights was violated

The Complaint also describes injuries that [Appellant] allegedly sustained during her employment. Specifically, the Complaint alleges [Appellant] injured her neck, wrist, and shoulder while performing maintenance of tenants' heaters, snow removal, operation of a security gate, and removing a water hose from a parking lot.

It is unclear which causes of action are being pled. The Complaint implies, but does not state, that [Appellant] was unjustly terminated. In terms of [Appellant's] alleged injuries, the Complaint states "[Appellant's] right to seek damages as a result of negligence while working at [Appellee's] facility which was not a part of [Appellant's] job description, during [Appellant's] time of employment through plaintiff [sic] employer." The Complaint does not state that [Appellee] caused the alleged injuries, only that [Appellee] required [Appellant] to perform the services in question.

The court reviewed the Complaint, in conjunction with the Petition to Proceed *In Forma Pauperis*, and dismissed the action as frivolous. This appeal followed.

Trial Court Opinion, 10/23/17, at 1-2. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. The trial court filed its Pa.R.A.P. 1925(a) opinion on October 23, 2017.

Appellant presents the following issue for our review:

When the court dismiss[ed Appellant's] case, were appellant [sic] rights violated?

Appellant's Brief at 1.

Appellant argues that the trial court erred in concluding that she did not plead sufficient facts to support her complaint. Appellant's Brief at 3. Appellant claims she stated sufficient facts declaring: "These facts were Breach of Contract, Negligence, Violation of Americans Disability Act." Appellant's Brief at 3. She also claims: "Plaintiff establish[ed], in her complaint both facts and laws, these facts [a]re respiratory infection which require plaintiff to wear a mask, which was determined to be a disability by [Appellant's] doctor." *Id*.

Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa. Super. 2009). Rule 240 sets forth the procedure by which a person who lacks the financial resources to pay the costs of litigation may

proceed *in forma pauperis*. **Bell v. Mayview State Hospital**, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Subsection (j) of Rule 240 describes the obligation of the trial court once a party seeks to proceed *in forma pauperis*. The following language from subsection (j) is relevant herein:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, **the court prior to acting upon the petition may dismiss the action, proceeding or appeal** if the allegation of poverty is untrue or **if it is satisfied that the action, proceeding or appeal is frivolous**.

Pa.R.C.P. 240(j)(1) (emphases added).

"A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.C.P. 240(j)(1) Note (quoting **Neitzke v. Williams**, 490 U.S. 319 (1990)). Under Rule 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action." **Ocasio**, 979 A.2d at 354.

The trial court set forth the following discussion in support of its reasoning that Appellant's action is frivolous:

> As noted above, it is unclear which causes of action are being pled here. However, the Complaint makes specific reference to breach of contract, negligence, and [a] violation of the Americans with Disabilities Act. As the Complaint fails to allege facts necessary to establish any of these causes of action, the Complaint was properly dismissed.
>
> A cause of action for breach of contract must be established by pleading: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. **Pennsy Supply, Inc. v. Am. Ash Recycling**

*Corp. of Pennsylvania*, 895 A.2d 595, 600 (Pa. Super.2006). Here, there is no allegation of any contract between [Appellant] and [Appellee], and the Complaint provides no details regarding the terms of [Appellant's] employment. Pennsylvania law holds that employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason. *Werner v. Zazyczny*, 545 Pa. 570, 578, 681 A.2d 1331, 1335 (1996). As the Complaint fails to allege a contract between the parties, let alone its essential terms, it fails to set forth a claim for breach of contract.

To establish negligence by a defendant, a plaintiff must prove four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *Toro v. Fitness Int'l LLC*, 150 A.3d 968, 977 (Pa. Super. 2016). Here, the Complaint alleges that [Appellant] sustained injuries during the course of her employment, but there is no allegation that these injuries were caused by [Appellee's] breach of a duty or obligation.[1] Without alleging these necessary elements, a cause of action for negligence cannot be sustained. It is possible that [Appellant] intended to state a claim under the Workers Compensation Act. However, this court lacks the jurisdiction to hear such a claim. *See Gillette v. Wurst*, 594 Pa. 544, 553, 937 A.2d 430, 435 (2007).

> [1] Although the date of the alleged negligence is not provided, it would appear that [Appellant's] claim would be barred by the statute of limitations. The Complaint states [Appellant] was terminated in 2014 and this action was not initiated until September, 2017. An action to recover damages for injuries to a person caused by the wrongful act or neglect or unlawful negligence of another must be commenced within two years. 42 Pa.C.S.A. § 5524.

To state a *prima facie* case under the Americans with Disabilities Act, a plaintiff must demonstrate that: (1) he or she is a disabled person within the meaning of the ADA; (2) he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he or she has suffered an otherwise adverse employment decision as a result of discrimination. *Stultz v. Reese Bros.,*

*Inc.*, 835 A.2d 754 (Pa. Super. 2003). Again, the Complaint fails to make any factual allegations that these elements are met.

Trial Court Opinion, 10/23/17, at 3-5.

Upon careful review of the record, including Appellant's brief and the applicable law, and in light of this Court's scope and standard of review, it is our determination that the record supports the trial court's analysis and its determination that the complaint is frivolous. We agree with the trial court that the factual matters alleged in Appellant's complaint do not give rise to a plausible claim against Appellee and that Appellant's action has no arguable basis in law or fact. We discern no violation of Appellant's constitutional rights, or abuse of discretion by the trial court in dismissing the complaint under Rule 240(j)(1). Accordingly, Appellant's issue on appeal does not entitle her to relief, and we affirm the order that dismissed the complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/18