J-A18040-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| GITO, INC., D/B/A NELLO CONSTRUCTION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 159 WDA 2020 |
| GERHARDT AND ARIELLE KONIG | : | |

Appeal from the Order Entered January 13, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-19-014947

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    FILED JANUARY 25, 2021

Appellant Gito, Inc., doing business as Nello Construction, appeals from the order sustaining the preliminary objections in the nature of a demurrer filed by Appellees Gerhardt and Arielle Konig. Appellant contends the trial court erred by holding that Appellant was not a third party beneficiary of the contract at issue and that the economic loss doctrine barred its claim for fraudulent misrepresentation. We affirm.

We accepted as true the well-pled facts averred by Appellant.[1] Appellees contracted with Appellant to build an addition and renovate their

_____

[1] "In an appeal from an order granting preliminary objections in the nature of a demurrer we accept as true all well-pleaded material facts in the complaint, as well as all reasonable inferences deducible therefrom." Albert v. Erie Ins. Exch., 65 A.3d 923, 928 (Pa. Super. 2013) (citation omitted and formatting altered). We may cite to the reproduced record for the parties' convenience.

property, which Appellant defined as the "project." R.R. at 6a. Appellees executed a loan agreement with a bank to finance the project, which provided as follows in pertinent part:

> 7. No Liability to Third Parties. This Agreement shall not be construed to make [the bank] liable to materialmen, contractors, craftsmen, laborers or others for goods and services delivered by them to or upon the property or otherwise pursuant to other loan documents or for debts or claims accruing to those parties against [Appellees], and there are no contractual relationships, either express or implied, between [the bank] and any materialmen, sub-contractor, craftsmen, laborer, or any person supplying work, labor or materials on the job, nor shall any third person be deemed to be a beneficiary of this Agreement, or of any term, condition or provision, or on account of any action taken by [the bank] under this Agreement or any assignment by [Appellees].

Id. at 55a.

> In relevant part, the addendum stated as follows:
>
> [Appellees] hereby authorizes [the bank] to disburse the draws of construction funds directly to: [Appellant]. The [bank] is willing to make such disbursements directly to [Appellant], but only upon the condition that [Appellees] indemnify, defend and hold the [bank] harmless . . . .
>
> Notwithstanding anything to the contrary contained in the Agreement, [Appellees] directs that disbursement of construction funds for draws otherwise payable to [Appellees] and [Appellant] under the Agreement shall be paid directly to [Appellant]. It is also agreed that this authorization shall be continuing in nature unless [Appellees] notifies the [bank] in writing to discontinue the direct payments to [Appellant]. . . .

Id. at 59a.[2]

_____

[2] Appellant did not attach the loan agreement and addendum to its complaint. See Pa.R.C.P. 1019(i). Appellees attached those documents to their

Appellant's complaint alleged that the bank was to pay it after the bank and Appellees approved the work. Id. at 6a. Appellant claimed that Appellees' responsibility was "to not unreasonably withhold their approval of payment" and to communicate honestly with the bank regarding the project work. Id. Appellant asserted that on three prior occasions, it requested and received partial payment for project work from Appellees and the bank. Id. at 7a-8a. On September 1, 2019, Appellant submitted its fourth request for payment for $104,770.25. Id. at 8a.

Appellant averred as follows:

30. [Appellees] specifically, and with the intent to defraud [Appellant] from receipt of funds from [the bank], informed [the bank] not to issue payment to [Appellant], even though [Appellees] knew the work had been properly performed.

31. [Appellees], with the intent to misinform the bank and defraud [Appellant], specifically informed the bank that [Appellant's prior requests for payment were insufficient] when they made no such objection to [Appellant's prior three pay applications].

Id. at 8a-9a. Appellant submitted its fifth and sixth pay applications, and Appellees "exhibited the same fraudulent conduct set forth above and instructed the bank not to pay" Appellant. Id. at 9a.

Based on these allegations, Appellant raised two claims:

_____

supplemental brief in support of their preliminary objections. R.R. at 54a-59a. The attached documents do not reflect the bank's signatures.

<u>Count I – Third Party Beneficiary</u>

42. As the intended result of the loan contract between [Appellees and the bank] was that [Appellant] would be paid for work it completed on the project, [Appellant] was an intended third-party beneficiary to the loan contract.

43. [Appellant] performed its obligations in completing the work set forth in [its fourth through sixth pay applications].

44. [Appellees] breached their obligations by willfully failing to approve payment for work they know has been completed. . . .

<u>Count II – Fraudulent Misrepresentation</u>

47. [Appellees] represented that the work submitted in payment in Pay Applications 4-6 was not completed.

48. This representation was known by [Appellees] to be false.

49. [Appellees'] intent was to mislead the bank regarding its obligations to pay [Appellant].

50. Upon information and belief, First National Bank relied upon [Appellees'] misrepresentations in deciding to not pay [Appellant] for Pay Applications 4-6.

Id. at 9a-10a.

On November 26, 2019, Appellees filed preliminary objections, which requested the trial court to dismiss Appellant's claims or instruct Appellant to amend its complaint. Among other items, Appellees reasoned that Appellant's fraudulent misrepresentation claim was barred by the economic loss doctrine and that Appellant lacked capacity to sue as a third party beneficiary under the agreement. Id. at 25a, 27a. Appellant did not file a response, but filed a brief in opposition, which did not request leave to amend its complaint. See Pa.R.C.P. 1017(a)(4). Appellees filed a supplemental brief in support, which

- 4 -

added to their argument that Appellant lacked capacity to sue as a third party beneficiary of the contract. R.R. at 51a.

On January 13, 2020, the trial court held a hearing, at which the court dismissed all counts with prejudice, reasoning as follows:

> THE COURT: I can't see that there is a fraud claim. Everything arises out of the contract. So I'm striking that count with prejudice. And similarly, there is no third-party beneficiary here.
>
> . . .
>
> THE COURT: . . . The case will be dismissed, and no leave to amend.

N.T. Hr'g, 1/13/20, at 22.[3] Appellant did not request leave to amend at the hearing or otherwise object to the trial court's dismissal without leave to amend. Id.

Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement raising the following issues:

> 1. Whether the trial court committed an error of law, abused its discretion, or otherwise ruled improperly in sustaining the preliminary objection to the claim for third party beneficiary.
>
> 2. Whether the trial court committed an error of law, abused its discretion, or otherwise ruled improperly in sustaining the preliminary objection for fraudulent misrepresentation.
>
> 3. Whether the trial court erred in not allowing Appellant to amend its complaint.

_____

[3] The hearing also resolved Appellees' preliminary objections in a related case involving Appellant's mechanic's lien claim against Appellees, which was docketed at GD-19-15355. See generally Trial Ct. Op., 3/24/20, at 2. The trial court indicated that it overruled Appellees' preliminary objections and that the case "is still pending." Id.

Appellant's Brief at 5 (formatting altered).

In support of its first issue, Appellant argues that "it was both a stated beneficiary and intended beneficiary" to the loan agreement between Appellees and the bank. Id. at 11. Appellant relies on the addendum to the agreement, which we quoted above, to assert that it pled it was a third party beneficiary. Id. at 11-12, 14. In Appellant's view, the phrase "[n]otwithstanding anything to the contrary in the Agreement," in the addendum negates the clause that no "third party be deemed to be a beneficiary of this Agreement." Id. at 11-12.

The standard of review follows:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. . . . Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

Retina Assocs. of Greater Phila., Ltd. v. Retinovitreous Assocs., Ltd., 176 A.3d 263, 269 (Pa. Super. 2017) (Retina) (citation omitted and formatting altered).

In Konyk v. Pa. State Police of Cmwlth. of Pa., 183 A.3d 981 (Pa. 2018), our Supreme Court defined third party beneficiary as follows:

[A] person assumes third-party beneficiary status—and, as such, has standing to recover under a contract—only where both parties to the contract express an intention to benefit the third party and that intention appears in the contract. Thus, the concept of a third-party beneficiary exists to give intended beneficiaries, under certain circumstances, standing to bring suit to obtain the benefits in question. It does not exist to impose judicially-enforceable obligations on a person or entity who was not a party to the contract and may not even have known of its existence. . . .

A third-party beneficiary is one who is given rights under a contract to which that person is not a party. Obligations under such a contract, including any obligations to third parties, are created by agreement between the signatories. . . . If the signatories so intend, a third party can enforce the contract against the signatory so obligated.

Konyk, 183 A.3d at 987-88 (citations omitted).

Here, as set forth above, Appellant argues the "[n]otwithstanding anything to the contrary" clause in the loan agreement as somehow establishing that the addendum contradicts the "no liability to third parties" clause. As a result, Appellant argues the addendum established it was a stated or intended third party beneficiary of the loan agreement. Appellant, however, did not support its argument with any law or otherwise apply any relevant legal principles addressing third party beneficiary status. See generally Konyk, 183 A.3d at 987-88. Framed differently, Appellant has not explained how a clause authorizing the bank to pay Appellant conflicts, i.e., triggers the "notwithstanding anything to the contrary" condition, with a clause stating "no liability to third parties." It was Appellant's burden to cite and discuss legal

authorities in support of its legal contention but it failed to do so. See Pa.R.A.P. 2119(a); In re R.D., 44 A.3d 657, 674 (Pa. Super. 2012) (noting, courts "will not act as counsel and will not develop arguments on behalf of an appellant"). For these reasons, we conclude Appellant has not established its claim has merit and affirm the trial court. See Retina, 176 A.3d at 269.

In support of its second issue, Appellant argues that the economic loss doctrine does not bar its claim for fraudulent misrepresentation. Appellant's Brief at 15. Appellant contends the trial court "made no analysis" as to "whether fraud concerned the performance of any contractual duties."[4] Id. at 17. Appellant maintains that it has not alleged Appellees "violated any contractual provision by making fraudulent statements to the bank." Id.

> A cause of action for fraudulent misrepresentation is comprised of the following elements:
>
> > (1) a misrepresentation,
>
> > (2) a fraudulent utterance thereof,
>
> > (3) an intention by the maker that the recipient will thereby be induced to act,
>
> > (4) justifiable reliance by the recipient upon the misrepresentation and
>
> > (5) damage to the recipient as the proximate result.

---

[4] We note Appellant cites to First Republic Bank v. Brand, 50 Pa. D. & C.4th 329 (C.C.P. Phila. 2000). Trial court decisions are not binding on this Court. See Echeverria v. Holley, 142 A.3d 29, 36 n.2 (Pa. Super. 2016).

Martin v. Lancaster Battery Co., 606 A.2d 444, 448 (Pa. 1992) (citation omitted and formatting altered); see also David Pflumm Paving & Excavating, Inc. v. Found. Servs. Co., 816 A.2d 1164, 1171 (Pa. Super. 2003) (Pflumm) (holding, in affirming grant of summary judgment, "[w]here a plaintiff asserts fraudulent misrepresentation without showing that the defendant intended to mislead the plaintiff into reliance on the misrepresentation, the defendant is entitled to judgment as a matter of law"). We may also affirm on any basis. Mariner Chestnut Partners, L.P. v. Lenfest, 152 A.3d 265, 277 (Pa. Super. 2016).

Here, we need not resolve whether the economic loss doctrine bars Appellant's claim for fraudulent misrepresentation. As we stated above, Appellant has specifically alleged that Appellees' "intent was to mislead the bank," but as a result, Appellant was damaged. See R.R. at 10a (emphasis added). But a claim for fraudulent misrepresentation requires that Appellant plead that Appellees intended to mislead Appellant into reliance on the misrepresentation, which results in damage to the recipient of the misrepresentation, i.e., Appellant. See Martin, 606 A.2d at 448; Pflumm, 816 A.2d at 1171. Because Appellant is not the recipient of Appellees' alleged fraudulent misrepresentation, Appellant failed to plead a viable claim. See Martin, 606 A.2d at 448; Pflumm, 816 A.2d at 1171. But even assuming otherwise, we agree with the trial court's alternative holding that the economic loss doctrine bars Appellant's claim. See Trial Ct. Op. at 3; see also Bruno

v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014) (holding, "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract," and therefore the gist of the action doctrine applies (citations omitted)). Therefore, because Appellant has not established error, we affirm. See Retina, 176 A.3d at 269; see also Lenfest, 152 A.3d at 277.

Last, Appellant argues that the trial court abused its discretion by not permitting it leave to amend. Appellant's Brief at 18. Appellant's two-paragraph argument did not address the trial court's observation that Appellant failed to request leave to amend. See Trial Ct. Op. at 3.

In Werner v. Zazyczny, 681 A.2d 1331 (Pa. 1996), our Supreme Court addressed the appellant's claim that the trial court should have granted him leave to amend his pleading after the court sustained the appellees' preliminary objections. Werner, 681 A.2d at 1338. The appellant argued that if "leave were granted . . . he could have corrected any defects in his pleading . . . ." Id.

The Werner Court rejected the appellant's argument, reasoning:

Rule 1033 of the Pennsylvania Rules of Civil Procedure allows a party to amend his or her pleadings with either the consent of the adverse party or leave of the court. Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party.

> Here, [the appellant's] claim fails because he never requested that the [trial court] allow him leave to amend. [The a]ppellant fails to cite to any case law, and we can find none, requiring a court to sua sponte order or require a party to amend his pleading. Moreover, a court is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted. Thus, appellant's claim must fail.

Id. (formatting altered and footnote and citations omitted).

Here, Appellant, did not request leave to amend from the trial court. See id. Cf. Dilliplaine v. Lehigh Valley Trust Co., 322 A.2d 114, 116 (Pa. 1974) (noting, "[a]ppellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. . . . The ill-prepared advocate's hope is that an appellate court will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error"). But even if Appellant had, the trial court correctly held Appellant cannot state a claim on which relief could be granted. See Trial Ct. Op. at 3; Werner, 681 A.2d at 1338. For these reasons, we affirm.[5] See Retina, 176 A.3d at 269.

Order affirmed.

_____

[5] As we set forth above, Appellant has an ongoing mechanics' lien claim against Appellees, and therefore has an opportunity to obtain relief.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/25/2021</u>

# Allegheny County - Department of Court Records
## Civil Division - Filings Information

**County caseID:GD-19-014947**
**Case Description:Gito Inc. vs Konig etal**
**Official Docket Entry, Sort By Document Number Ascending**

| Document Number | Filed Date | Title/Entry | Entry Classification | Filed By |
|---|---|---|---|---|
| 1 | 03/24/2020 | Opinion | Official Docket Entry | Judith L.A.Friedman |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

GITO, INC. D/B/A NELLO
CONSTRUCTION,

               Plaintiff,

    vs.

GERHARDT AND ARIELLE KONIG,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL DIVISION

No. GD-19-014947

OPINION

HON. JUDITH L. A. FRIEDMAN

Copies Served by First Class Mail Upon:

Dean F. Falavolito, Esquire
230 East Main Street
Carnegie, PA 15016

David A. Scotti, Esquire
Scotti Law Group
Manor Oak Two, Suite 441
1910 Cochran Road
Pittsburgh, PA 15220

FILED

2020 MAR 24 PH 3:02

DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| GITO, INC. D/B/A NELLO CONSTRUCTION, | ) ) ) | CIVIL DIVISION |
| Plaintiff, | ) ) | No. GD-19-014947 |
| vs. | ) ) ) | |
| GERHARDT AND ARIELLE KONIG, | ) ) | |
| Defendants, | ) | |

OPINION

**Introduction**

Plaintiff appeals from our order dated January 13, 2020, whereby we sustained the preliminary objections of the Defendants and dismissed the complaint in the captioned action with prejudice. Defendant has timely filed its 1925(b) Concise Statement of Matters Complained of on Appeal, raising the following issues:

1. That we should not have dismissed its claim for fraudulent misrepresentation.

2. The we should not have dismissed its claim that it was a third-party beneficiary of a contract for a construction loan between Defendants and a bank.

3. That we should have granted Plaintiff an opportunity to amend.

A record (AT) was made of the argument and has been transcribed for the use of the appellate courts.

1

**Factual Background as Pled in Complaint**

Plaintiff and Defendants had a contract for the construction of a home by Plaintiff for Defendants. Defendants also had a construction loan agreement with First National Bank of Pennsylvania ("the Bank") whereby the Bank would pay portions of the loan directly to Plaintiff upon certification that the work described for that portion had been satisfactorily completed so long as Defendants had not withdrawn their authorization.

At some point Defendants became dissatisfied with the amount of Plaintiffs' demands for payment and withdrew their authorization to the Bank to release payments to the Plaintiff based on Plaintiff's Pay Applications nos. 4, 5 and 6. Plaintiff then stopped working on the job and filed this action and a separate Mechanics Lien Claim at GD-19-15355. (The preliminary objections to the Claim were overruled and it is still pending.)

**Discussion**

In the instant complaint, Plaintiff asserts that Defendants' instruction to the Bank not to release funds gives rise to two causes of action:

> Count I in which Plaintiff claims to be an intended third-party beneficiary of the loan contract between Defendants and the Bank, and;

> Count II for Fraudulent Misrepresentation by Defendants having falsely stated that Plaintiff was not complying with the terms of its contract with Defendants and causing the Bank to withhold payment.

As to Count I, under the facts pled, Plaintiff is not an intended or unintended third-party beneficiary of the loan agreement. It is merely a potential payee if the borrowers (Defendants) approve their work. There is nothing under the law that entitles Plaintiff to relief.

2

As to Count II, the supposed misrepresentation is that Defendants misrepresented *to the Bank* the extent and value of the work completed by Plaintiff and falsely stated that Plaintiff was not entitled to payment by the Bank from the Construction Loan. This assertion of a tort clearly arises out of a breach of contract: Defendants' refusal to pay Plaintiff by not authorizing payment to Plaintiff from the construction loan. The only relief Plaintiff might be entitled to is covered by the pending Mechanics Lien Claim and an eventual Complaint filed thereunder.

Lastly, we turn to Plaintiff's third issue, that we did not give it the opportunity to amend. First, there was no objection to the Court's statement, at AT 22, 1. 23, that the complaint was dismissed "and no leave to amend [is granted]," nor was any request to amend made later during the argument; second, there are no additional material facts offered that would warrant leave to amend, and third, the facts pled appear to be complete. It is the law as understood by the Court with which Plaintiff disagrees. There is no basis for this issue.

BY THE COURT,

_____
For Judith L. A. Friedman, Senior Judge

/2 March 2020

3