## Cathy L. ALBERT, Individually and on behalf of All others similarly situated, Appellant

v.

## ERIE INSURANCE EXCHANGE, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 7, 2013.

Filed March 20, 2013.

924

Howard G. Silverman, Philadelphia, for appellant.

Richard B. Morisson, Philadelphia, for appellee.

BEFORE: BENDER, J., LAZARUS, J., and COLVILLE, J.*

OPINION BY LAZARUS, J.

Cathy L. Albert appeals from the order of the Court of Common Pleas of Philadelphia County that granted the preliminary objections of Erie Insurance Exchange ("Erie"), and dismissed Albert's second amended complaint. For the reasons that follow, we affirm.

In her second amended complaint, Albert averred that she was involved in a motor vehicle accident in Dauphin County on March 20, 2007. A civil action was filed, and on March 16, 2009, the original defendants joined Albert as an additional defendant. Albert was covered by an automobile insurance policy issued by Erie, which provided benefits to insureds for costs incurred in helping Erie investigate or defend covered claims. The relevant provision of the policy states:

LIABILITY PROTECTION

Additional Payments

We will make the following payments in addition to the limit of protection:

. . .

* Retired Senior Judge assigned to the Superior Court.

5. reasonable expenses anyone we protect may incur at our request to help us investigate or defend a claim or suit. This includes up to $100 a day for actual loss of earnings.

Erie Auto Insurance Policy, at 6.

In June 2011, Erie hired legal counsel to defend Albert in the lawsuit. Through counsel, Erie requested that Albert appear for a deposition. By attending the deposition, Albert incurred lost wages of $114.00 plus travel expenses. Albert claimed that Erie failed to reimburse her for lost wages and travel expenses. However, nowhere in the second amended complaint or in her other pleadings did Albert allege that she ever made a claim to Erie for reimbursement.

Albert alleged that Erie's failure to reimburse her constituted breach of contract (Count I) and bad faith (Count III). Albert also sought a declaratory judgment that the policy imposes on Erie an affirmative obligation to notify policyholders of the provisions related to lost wages and expenses (Count II).[1]

The trial court determined that Albert failed to establish a cause of action for breach of contract, and that this failure was fatal to her bad faith claim and request for declaratory relief. Accordingly, on May 16, 2012, the court sustained Erie's preliminary objections and dismissed Albert's second amended complaint.

On June 1, 2012, Albert filed a timely notice of appeal, and by order dated July 17, 2012, the trial court directed Albert to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Albert filed the statement the following day,

and on August 3, 2012, the trial court filed its Rule 1925(a) opinion.

■■■ Albert raises the following issues for our review:

1. Did the trial court err in sustaining [Erie's] preliminary objections to [Albert's] breach of contract claim when the language of [Erie's] insurance policy does not require the insured to make a claim for reimbursement of her expenses as a prerequisite to such reimbursement and [Albert] specifically alleged in her second amended complaint that [Albert] would incur expenses?

2. Did the trial court err in sustaining [Erie's] preliminary objections to [Albert's] breach of contract claim on the ground that the policy requires the insured to notify the insurer "when an accident or loss happens," because that language does not relate to the expense reimbursement provision?

3. Did the trial court err in sustaining [Erie's] preliminary objections to [Albert's] breach of contract claim on the ground that [Albert's] second amended complaint does not state a breach of contract when the second amended complaint does in fact state a breach of contract because it alleges that [Albert] had done everything that was necessary to trigger Erie's duty to pay, and specifically alleges at paragraph 58 that [Erie] breached the insurance policy contracts by failing to reimburse [Albert's] expenses?

4. Did the trial court err in sustaining Erie's preliminary objections to [Albert's] breach of contract claim

---

1. Albert brought her complaint individually and as a class action "seeking to represent a class of persons who are entitled to recover lost wages, salary, or other incurred expenses that are recoverable under the Liability Protection provision of Erie's policies." Second amended complaint at ¶ 30.

based on the decision in *Miller v. Keystone* [535 Pa. 531] 636 A.2d 1109 (Pa.1994) when [Erie's] obligation to reimburse [Albert's] expenses arises under the express terms of the policy, regardless of whether it has a duty of disclosure?

5. Did the trial court err in sustaining [Erie's] preliminary objections to [Albert's] breach of contract claim on the ground that [Erie] had no obligation to inform [Albert] of the expense reimbursement provision, because [Erie] had precisely that obligation under 31 Pa.Code § 146.4(a).

6. Did the trial court err in sustaining Erie's preliminary objections to [Albert's] breach of contract claim based on the decision in *Miller v. Keystone* [535 Pa. 531], 636 A.2d 1109 (Pa.1994), because *Miller* did not involve a failure to disclose the existence of policy benefits, but instead involved an allegation that the insurer had failed to disclose developments in the law affecting the plaintiff's *eligibility* for certain benefits?

7. Did the trial court err in sustaining [Erie's] preliminary objections to [Albert's] breach of contract claim on the ground that [Erie] did not undertake to act as [Albert's] attorney because [Erie's] appointment of counsel to represent [Albert] clearly was a "voluntary undertaking to provide assistance and advice" of the type that the court in *Miller v. Keystone* found to create a duty of disclosure, and the counsel appointed for [Albert] asked [Albert] to assist in the litigation and thereby caused her to incur the lost wage expenses?

8. Did the trial court err in sustaining [Erie's] preliminary objections to [Albert's] bad faith claim on the ground that the second amended complaint did not allege that [Albert] had presented a claim that [Erie] unreasonably denied, because the second amended complaint alleges that [Albert] performed all her duties under the insurance contract by attending the deposition at [Erie's] request and incurring expenses, which gives rise to a "claim" for benefits under the policy?

9. Did the trial court err in sustaining [Erie's] preliminary objections to [Albert's] bad faith claim on the ground that the second amended complaint did not allege that [Albert] presented a claim that [Erie] had unreasonably denied, because 42 Pa.C.S. § 8371, by its terms, is not limited to an insurer's denial of a claim for benefits, [but] applies whenever an insurer "has acted in bad faith" in "an action arising under an insurance policy?"

Brief of Appellant, at 2–4

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts

legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa.Super.2012) (quotations and citations omitted).

■ "To successfully maintain a cause of action for breach of contract the plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *McShea v. City of Philadelphia*, 606 Pa. 88, 995 A.2d 334, 340 (2010) (citation omitted).

■ Albert's initial argument is that the express terms of the insurance policy require Erie to reimburse her for reasonable expenses incurred at its request to help investigate or defend a claim or suit. This is not in dispute. However, Albert asserts that once she appeared for the deposition, Erie became obligated to reimburse her in the absence of a request. She asserts that Erie's "failure to do so is a breach of the express policy terms." Brief of Appellant, at 8.

The trial court correctly noted that "the contract does not require Erie to advise [Albert] of the terms of the policy which she read and signed." Trial Court Opinion, 8/3/12, at 3. Furthermore, Paragraph 13 of the policy section governing "Rights and Duties—General Policy Conditions" provides that "when a loss happens," the policyholder must notify the insurer or its agent. Accordingly, the trial court held that "while the contract imposes no duty on Erie to take the initiative, ... it does impose on the policyholder a duty to come forward with his or her claim." *Id.*

Albert argues that it was error to dismiss the complaint for lack of a demand because Paragraph 16 of the second amended complaint specifically avers that the attorney who Erie appointed to represent her knew or should have known that she would incur expenses. Brief of Appellant, at 10. However, we agree with the trial court that, barring a demand for performance, Erie cannot be liable for failure to perform under the specific terms of the policy.

In her brief to this Court, Albert states that she did not include an allegation that she made a claim for reimbursement because "[t]his is a putative class action and [Albert] has sought to tailor her complaint to state claims typical of the greatest number of potential class members. [Albert] can, however, allege that she made a claim for reimbursement and should have been allowed to do so." *Id.* at 11.

■ Counsel's unverified statement that Albert made a claim for reimbursement is not properly before this Court. In an appeal from an order granting preliminary objections in the nature of a demurrer "we accept as true all well-pleaded material facts in the complaint, as well as all reasonable inferences deducible therefrom." *Denton v. Silver Stream Nursing and Rehabilitation Center*, 739 A.2d 571, 575 (Pa.Super.1999) (citation omitted). "The court ruling on the demurrer may not supply facts missing from the complaint, but may only consider those matters as arise out of the complaint." *Remas v. Duquesne Light Co.*, 371 Pa.Super. 183, 537 A.2d 881, 882 (1988). Accordingly, counsel's assertion that Albert actually sought reimbursement is not before us. Even if we could consider this assertion, it would not advance the theory of her class action allegations, which is that Erie does not tell its insureds about their entitlement to reimbursement so it does not have to pay.

In support of her position, Albert cites the unpublished decision of the Ohio Court

of Appeals, *Gallo v. Westfield National Ins. Co.*, No. 91893, 2009 WL 625522 (Ohio Ct.App. March 12, 2009). In a class action similar to the instant matter, the insurer maintained that, without notice by the insureds that they had incurred expenses, it had no duty to pay them. The trial court dismissed the action, but the Court of Appeals held that where the plaintiff made general allegations of compliance with the terms of the policy, the demand for payment in the class action complaint was sufficient notice of the claim. Accordingly, the Court of Appeals reversed and reinstated the action.

While Albert relies on an unpublished decision of the Ohio Court of Appeals, he fails to address the published decision of the Ohio Supreme Court, *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 944 N.E.2d 207 (2010), which involved the same provision as the case before us. Like Albert, Kincaid filed a class action alleging entitlement to expenses despite never having advised Erie of the expenses he had incurred. In dismissing the action, the Ohio Supreme Court noted:

> Unless and until the insured has presented a claim to his or her insurer and (where appropriate) proof of how much is owed, and the insurer had either (1) denied the claim or (2) failed to respond to the claim after having had an adequate opportunity and reasonable time within which to respond, then there is no controversy and the insured has no standing to file a complaint in litigation.

*Id.* at 211–12.

In light of *Kincaid*, it is clear that Ohio law does not support Albert's position. In any event, while the pronouncements of courts in sister states may be persuasive authority, those pronouncements are not binding on this Court. *Commercial National Bank v. Seubert & Assocs.*, 807 A.2d 297, 303 (Pa.Super.2002).

Because the second amended complaint failed to allege any facts supporting the conclusion that Erie breached the contract, the trial court properly determined that the second amended complaint was legally insufficient. Accordingly, the trial court did not err in sustaining Erie's preliminary objections on the basis of the specific policy language.

█ Having failed to state a cause of action based on the language of the policy, Albert asserts that Erie had an implied duty to advise its insureds of potential reimbursement under the policy. She argues that the failure to do so constitutes a breach of contract. We agree with the trial court, which held:

> [T]his jurisdiction has rejected Albert's alternative argument that the policy imposes an *implied,* affirmative duty to advise policy holders of their rights. In answer to a claim that the carrier should have advised the plaintiff policyholder of a favorable change in [the] law postdating her claim, the court in *Miller v. Keystone* [535 Pa. 531], 636 A.2d 1109, 1113–14 (Pa.), *cert. denied,* 513 U.S. 874 [875, 115 S.Ct. 202, 130 L.Ed.2d 132] (1994), said no such duty existed because the record was "devoid of any indication that the insurer voluntarily assumed to act as the insured's counsel," or that it engaged in "fraud, intentional deception or the making of misleading statements."

Trial Court Opinion, 8/3/12, at 4.

*Miller* holds that absent evidence of fraud or intentional deception, an insurer has no affirmative duty to advise its insured of every potential claim or benefit that could exist under a policy. Here, Albert does not allege that Erie persuaded her not to engage her own counsel regarding her rights under the policy, or deceived her as to the reimbursement benefit under

her policy. Albert simply alleges that Erie failed to advise her of the reimbursement benefit despite the fact that it is set forth unambiguously in the policy.

Albert argues, unpersuasively, that the factual distinctions between *Miller* and the instant matter render *Miller* inapposite. We disagree. Albert correctly notes that "the allegation in *Miller* was not that the insurer had failed to disclose policy benefits, but that the insurer had failed to disclose developments in the law affecting the plaintiff's eligibility for certain benefits." Brief of Appellant, at 15. Nevertheless, the holding of *Miller* is a general proposition of law that is not dependent on the specific facts of the case to which it applies. Accordingly, she is not entitled to relief on this basis.

■ Albert argues that Erie's appointment of counsel to represent her as an additional defendant in the underlying lawsuit is the kind of "voluntary undertaking to provide assistance and advice" that *Miller* found to create a duty of disclosure. She further maintains that because the voluntary actions of counsel selected by Erie caused her to incur expenses, counsel had a duty to disclose reimbursement rights to her. We disagree. In *Kilmore v. Erie Ins. Co.*, 407 Pa.Super. 245, 595 A.2d 623 (1991), this Court held:

> While we acknowledge insurance is an area in which the contracting parties stand in somewhat special relationship to each other, the relationship is not so unique as to compel this Court to require an insurer to explain every permutation possible from an insured's choice of coverage. Each insured has the right and obligation to question his insurer at the time the insurance contract is entered into as to the type of coverage desired and the ramifications arising therefrom. Once the insurance contract takes effect, however, the insured must take responsibility for his policy.

*Id.* at 626–27.

Here, the duty to provide an attorney to defend the insured in claims against her appears in the "Policy Change Endorsement—Pennsylvania" section as follows:

> We may investigate or settle any claim or suit for damages against anyone we protect at our expense. If anyone we protect is sued for damages covered by this policy, we will defend with a lawyer we choose, even if the allegations are not true. Our obligation to pay any claim or judgment or defend any suit ends when we have used up our limit of protection by paying judgments or settlement.

Policy Endorsement, at 2.

The policy itself sets forth the obligation that the insurer has undertaken to provide an attorney to defend the insured. Nothing in the policy would lead an insured to believe that, by assuming her defense in litigation, counsel is obligated to advise her with respect to other matters. There is simply no authority in Pennsylvania law for the proposition that the fiduciary relationship that exists between the insurer and the insured for purposes of protecting the insured from liability as a result of claims asserted against the insured by a third party, extends to other areas of the policy. Albert has failed to establish a duty on the part of Erie and/or its counsel to advise her regarding the reimbursement provision of the policy. In the absence of a breach, Albert's claims fail.

■ In an alternative argument, Albert suggests that the trial court's determination that Erie had no obligation to inform her of the reimbursement provision is contrary to 31 Pa.Code § 146.4(a), which provides that "an insurer or agent may not fail to disclose to first party claimants benefits, coverages or other provisions of

an insurance policy or insurance contract under which a claim is presented." [2]

The authority to enforce the Uniform Insurance Practices Act is vested in the Pennsylvania Department of Insurance. In light of the fact that the Act does not create a private cause of action, *see Cresswell v. Pa. Natl. Mutual Cas. Ins. Co.*, 820 A.2d 172, 180 n. 4 (Pa.Super.2003), the regulations promulgated thereunder do not create a private cause of action. Accordingly, Albert's argument that the trial court's dismissal of her second amended complaint as inconsistent with 31 Pa.Code § 146.4(a) has no merit.

■ Albert's final claim is that the trial court erred when it held that her failure to establish a cause of action for breach of contract precluded her from recovering on her claim for bad faith.

■ "To recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994). Here, Albert alleged that Erie lacked a reasonable basis for failing to notify its insureds of the reimbursement benefits and for failing to pay the reimbursement benefits in the absence of a request by the insureds. However, because Erie had no duty to inform the insureds of the benefit, and no duty to pay the reimbursement benefits in the absence of a request, Albert could not establish a claim for bad faith.

If Albert or "others similarly situated," as referenced in the second amended complaint, make an actual claim for reimbursement pursuant to the policy, Erie could be subject to a cause of action for breach of contract and bad faith if it improperly denies a claim. However, Albert's second amended complaint contains no such allegations.

For these reasons, the trial court properly sustained Erie's preliminary objections and dismissed Albert's second amended complaint.

Order affirmed.

COLVILLE, J., files a Concurring and Dissenting Opinion.

## CONCURRING AND DISSENTING OPINION BY COLVILLE, J.:

I agree the trial court properly sustained Erie's preliminary objections to Albert's bad faith claim. Albert's second amended complaint does not support a cause of action for bad faith as it does not contain an allegation that Erie denied a claim for benefits under the policy. *See Terletsky v. Prudential Property & Casualty Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994) ("[T]o recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim."). Thus, dismissal of this claim was proper.

However, I believe the trial court erred in sustaining Erie's preliminary objections to Albert's breach of contract and declaratory judgment claims.

The parties agree that Erie's policy contains a provision requiring Erie to reimburse policyholders for reasonable expenses incurred in helping Erie investigate

---

**2.** 31 Pa.Code § 146.1(a) is part of the Unfair Insurance Settlement Practices Regulations, 31 Pa.Code § 146.1–146.10. The regulations were enacted by the Pennsylvania Insurance Department to enforce the Unfair Insurance Practices Act, 40 P.S. § 1171.1–1171.15.

or defend a claim or suit. *See* Erie Auto Insurance Policy, Liability Protection, ¶ 6. Albert argues the policy imposes a duty on Erie to reimburse her when she incurs expenses at Erie's request and that a demand by the insured for payment is not a prerequisite to expense reimbursement. Erie argues that Albert was required to make a request or demand for reimbursement before Erie could be liable for failing to pay pursuant to the policy.

The Majority and the trial court find that the policy imposes on the policyholder a duty to come forward with a claim for reimbursement expenses, citing to Paragraph 13 of the policy, which requires a policyholder to notify Erie "[w]hen there is an accident or loss." Erie Auto Insurance Policy, ¶ 13. A claim for reimbursement for expenses incurred in helping Erie investigate or defend a claim or suit is obviously not a claim of an accident; further, I do not believe it is a loss as that term is used in the insurance context.[1] In my review, this provision does not impose a duty on the policyholder to notify Erie of a claim for reimbursement.

The policy is silent as to the mechanism triggering Erie's obligation to reimburse a policyholder for expenses incurred at Erie's request. Thus, it is not clear from the record that a demurrer should be sustained with regard to Albert's breach of contract and declaratory judgment claims. *See Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa.Super.2011) (stating, "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections."). For this reason, I would reverse the trial court's ruling as to those claims and remand for further proceedings.

---

1. Black's Law Dictionary's definition of "loss" as it relates to insurance states, "The amount of financial detriment caused by an insured person's death or an insured property's damage, for which the insurer becomes liable." Black's Law Dictionary 963 (8th ed.2004).