J-A20037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN DOWLING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA PSYCHIATRIC | : | |
| INSTITUTE, MICHAEL J. FELICE, AND | : | |
| WANDA GEESEY | : | |
| | : | |
| Appellee | : | No. 102 MDA 2019 |

Appeal from the Order Entered January 10, 2019
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2012-CV-10599-CV

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED NOVEMBER 18, 2019**

Appellant, Brian Dowling, appeals from the order entered in the Dauphin County Court of Common Pleas, which granted summary judgment in favor of Appellees, Pennsylvania Psychiatric Institute ("PPI"), Michael J. Felice, and Wanda Geesey, in this breach of contract action. We affirm.

A prior decision of this Court set forth the facts of this appeal as follows:

> In 2008, [Appellant] was hired as the Director of Finance for [Appellee] PPI…. During certain periods, [Appellant] served as the *de facto* Chief Financial Officer ("CFO").
>
> On September 13, 2010, [Appellant] interviewed [Appellee] Felice for the position of CFO. [Appellant] did not recommend [Appellee] Felice for the position, concluding that [Appellee] lacked appropriate interpersonal skills and experience in two different business areas. [Appellee] Felice nevertheless was hired in 2011 for the CFO position, and [Appellant] thereafter trained him.

[Appellee] Felice initially had a positive relationship with [Appellant] but grew to resent him as [Appellee] PPI employees continued to seek assistance from [Appellant]. As his relationship with [Appellant] deteriorated, [Appellee] Felice became close with [Appellee] Geesey, Director of Human Resources for [Appellee] PPI. [Appellee] Geesey disliked [Appellant] due to events occurring in 2012.

In 2012, [Appellee] PPI hired an interim Chief Executive Officer and retained MSA Executive Search ("MSA"), an executive search practice, to find a permanent CEO. [Appellee] Geesey was appointed by [Appellee] PPI as one of the members of the search committee and was the only member of the search committee who worked for [Appellee] PPI. Jane Groves, an Executive Vice President and Senior Advisor for MSA, subsequently met with [Appellee] PPI personnel, including [Appellant], to discuss the search process. … [Purportedly] Groves told [Appellant] that his submission would be kept confidential, such that no one at [Appellee] PPI would know that [Appellant] applied for the job, with the exception of the search committee. On July 6, 2012, in reliance upon Groves' express representation, [Appellant] submitted his resume for the CEO position.

On Friday July 13, 2012, Groves informed [Appellant] that she was going to speak to the search committee about [his] interest in becoming CEO. On Monday July 16, 2012, [Appellee] Felice, in [Appellee] Geesey's presence, terminated [Appellant's] employment.

***Dowling v. Pennsylvania Psychiatric Institute***, No. 473 MDA 2014, unpublished memorandum at 1-2 (Pa.Super. filed June 8, 2015) (internal quotation marks and citations to record omitted).

Procedurally, Appellant filed a writ of summons on December 13, 2012, and a complaint against Appellees on January 8, 2013. In the complaint, Appellant asserted against Appellee PPI claims for breach of employment contract and/or confidentiality agreement and promissory estoppel; Appellant asserted an intentional interference with contractual claim against Appellees Geesey and Felice.

- 2 -

Appellees filed preliminary objections in the nature of a demurrer to Appellant's complaint. The trial court sustained Appellees' preliminary objections and permitted Appellant to file an amended complaint, which Appellant filed on July 11, 2013. Appellees filed preliminary objections in the nature of a demurrer to the amended complaint. The court sustained Appellees' preliminary objections and dismissed the amended complaint. Appellant appealed and, on June 8, 2015, this Court reversed and remanded for the parties to conduct discovery on Appellant's claims for breach of confidentiality agreement, promissory estoppel, and intentional interference with contractual relations.[1]

Following remand, Appellees filed an answer and new matter to the amended complaint on April 25, 2016. After discovery closed, Appellees filed a motion for summary judgment on September 18, 2018. In their summary judgment motion, Appellees attached as exhibits several affidavits and depositions transcripts, including Appellant's deposition transcript and his performance evaluations from 2009 to 2011. On November 7, 2018, Appellant filed an opposition to Appellee's summary judgment motion.

The trial court granted summary judgment in favor of Appellees on January

_____

[1] In its June 8, 2015 memorandum, this Court determined that Appellant had abandoned his claim for a breach of an employment contract, because Appellant did not challenge on the appeal the trial court's dismissal of that claim. In one of his questions presented on appeal, Appellant explained he brought a claim for breach of contract against Appellees "where the contract sued upon was not an employment contract, but a confidentiality agreement formed orally between Appellant…and Appellee [PPI]'s agent, Jane Groves[.]" *Dowling, supra* at 2.

10, 2019. On January 15, 2019, Appellant filed a timely notice of appeal. The court ordered Appellant on January 17, 2019, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). On February 19, 2019, Appellant filed a petition for leave to file a concise statement *nunc pro tunc*, which the court granted on February 21, 2019. Appellant filed a concise statement *nunc pro tunc* on March 4, 2019.

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WITH RESPECT TO COUNT I BY NOT CONSIDERING ALL OF THE FACTS OF RECORD AND REASONABLE INFERENCES THEREFROM IN THE LIGHT MOST FAVORABLE TO THE NONMOVING PARTY[?] FURTHER WHETHER ERROR OF LAW WAS COMMITTED BY GRANTING SUMMARY JUDGMENT WHEN THERE WERE DISPUTED ISSUES OF MATERIAL FACT[?]

WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WITH RESPECT TO COUNT II BY NOT CONSIDERING ALL OF THE FACTS OF RECORD AND REASONABLE INFERENCES THEREFROM IN THE LIGHT MOST FAVORABLE TO THE NONMOVING PARTY[?] FURTHER WHETHER ERROR OF LAW WAS COMMITTED BY GRANTING SUMMARY JUDGMENT WHEN THERE WERE DISPUTED ISSUES OF MATERIAL FACT[?]

WHETHER THE TRIAL COURT COMMITTED AN ERROR OF [LAW] WITH RESPECT TO COUNT III BY NOT CONSIDERING ALL OF THE FACTS OF RECORD AND REASONABLE INFERENCES THEREFROM IN THE LIGHT MOST FAVORABLE TO THE NONMOVING PARTY[?] FURTHER WHETHER ERROR OF LAW WAS COMMITTED BY GRANTING SUMMARY JUDGMENT WHEN THERE WERE DISPUTED ISSUES OF MATERIAL FACT[?]

(Appellant's Brief at 5).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of

law.  *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration.  Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.  Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hospital*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations and quotation marks omitted).  Our scope of review is plenary.  *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).  In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact.  We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.  All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action.  Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.  In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.  Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains

insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion the Honorable John J. McNally, III, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion, filed January 10, 2019, at 2-7) (relying on Appellant's deposition, the court found: **(1-3)** Appellant admitted his sole support for all of his claims was Appellee Geesey's alleged smirk when Appellee Felice fired Appellant; knowledge of Appellant's candidacy cannot be imputed to Appellees Felice or Geesey based solely on Appellee Geesey's facial expression; Appellant failed to present evidence beyond mere speculation to demonstrate Appellees Felice and Geesey, as agents of Appellee PPI, intended to harm Appellant by interfering with alleged confidentiality agreement; therefore, all of Appellant's claims fail). The record supports the trial court's rationale. ***See Chenot, supra***. Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/18/2019</u>

**Copies Distributed**

Date 11/10/19 Initials 215

BRIAN DOWLING,

IMAGED

Plaintiff

v.

PENNSYLVANIA PSYCHIATRIC
INSTITUTE, MICHAEL J. FELICE,
and WANDA GEESEY,

Defendants

IN THE COURT OF COMMON PLEAS OF
DAUPHIN COUNTY, PENNSYLVANIA

NO. 2012-CV-10599-CV

CIVIL ACTION-LAW

JURY TRIAL DEMANDED

## OPINION AND ORDER

Upon consideration of Defendants, Pennsylvania Psychiatric Institute ("PPI"), Michael J.

Felice ("Felice"), and Wanda Geesey ("Geesey") Motion for Summary Judgment, Plaintiff's

Response thereto, and after entertaining oral argument, this Court finds the following:

## PROCEDURAL AND FACTUAL HISTORY

This Court hereby adopts and incorporates the Superior Court's recitation of the procedural

and factual history of this case as set forth in its Opinion in <u>Dowling v. Pennsylvania Psychiatric</u>

<u>Institute, et al</u>, No. 473 MDA 2014 (Pa. Super 2015). On appeal from a demurrer granted in favor

of Defendants, the Superior Court reversed the trial court, accepting as true all well-pled facts and

finding that Plaintiff pled the requisite elements of his causes of action. The Court remanded this

case in order to afford Plaintiff the opportunity to conduct discovery so that he may produce

evidence in support of his Breach of a Contract claim related to an alleged confidentiality

agreement,[1] Promissory Estoppel claim, and a claim for Intentional Interference With Contractual

---

[1] The Court found that Plaintiff had abandoned his claim for a breach of an employment agreement and we agree.

Relationship. On remand, the parties engaged in discovery which has since been completed. Defendants now move this Court for summary judgment based upon the following issues:

 **I.**  **Whether PPI is entitled to summary judgment on the grounds that Plaintiff has failed to produce evidence of facts essential to a breach of contract cause of action.**

 **II.**  **Whether PPI is entitled to summary judgment on the grounds that Plaintiff has failed to produce evidence of facts essential to a cause of action for promissory estoppel.**

 **III.**  **Whether Felice and Geesey are entitled to summary judgment on the grounds that Plaintiff has failed to produce evidence of facts essential to an interference with contractual relations cause of action.**

## SUMMARY JUDGMENT STANDARD

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. (Pa.R.C.P 1035.2(2)). A motion for summary judgment made under this subdivision is based on an assertion that the record contains insufficient evidence of facts to make out a prima facie cause of action and consequently there would be no issue to submit to a jury. (*See*, Explanatory Comment to Pa.R.C.P. 1035.2.).

"Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers to survive summary judgment." Estate of Young v. Louis,

202 A.3d 117 (Pa. Super. 2019). " Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." Id. at 8.

## I. Whether Plaintiff has produced sufficient evidence of facts essential to sustain a breach of contract action.

On appeal from a demurrer granted in favor of Defendants, the Superior Court ruled that:

> Dowling has not had the opportunity to conduct discovery because the trial court dismissed his case at the most preliminary stage of the lawsuit. Dowling should, at the very least, be accorded the opportunity to depose the individuals who were involved in these events before his action is dismissed. Through the conduct of depositions and dissemination of interrogatories and requests for production of documents, Dowling may well prove his case."

Dowling v. Pennsylvania Psychiatric Institute, No. 473 MDA 2014 (Pa. Super. 2015). On remand, the parties engaged in the exchange of discovery which concluded in August of 2018.

It is well-settled law that in order to successfully maintain a cause of action for breach of contract a plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. (Albert v. Erie Ins. Exchange, 65 A.3d 923, 928 (Pa. Super. 2013)).

Plaintiff contends that an oral contract was formed between he and PPI, through PPI's alleged agent, Jane Groves ("Groves"). He testified at his deposition, (and bolsters with his affidavit) that Groves assured him that his candidacy for the CEO position would remain confidential with and among the members of the search committee because he was an internal candidate. (Dowling transcript, October 25, 2017 at p.92). Of particular note, during discovery Plaintiff chose not to take the deposition of Groves, the Executive Vice President and Senior Advisor of MSA Executive Search ("MSA"), the individual with whom he is alleged to have

entered into the confidentiality agreement upon which his causes of action are based. However, in her affidavit, Groves swears that at no time during the conversations with Plaintiff did she tell him that, except for the Board's Search Committee, no one at PPI would know if he submitted his resume for the position of CEO. (Groves Affidavit, attached to Defendants' Motion for Summary Judgment at p.363-364). At oral argument in opposition to the present motion, Plaintiff counsel argued that Plaintiff would not have submitted his application but for her assurance of confidentiality. This Court is concerned about the nature and lack of evidence with regard to the formation and terms of the alleged confidentiality agreement but recognizes that the credibility of Plaintiff and Groves is an issue for the jury, as is the question regarding the existence of an agency relationship between Groves and PPI. Borough of Nanty-Glo v. American Surety Co. of New York, 163 A. 523; Walton v. Johnson, 66 A.3d 782 (Pa. Super. 2013).

Next, Plaintiff argues that the alleged confidentiality agreement was breached when Geesey and Felice learned of his candidacy and as a result, he was fired. Plaintiff would like the Court to infer, based upon the circumstances surrounding Felice firing him, namely, Geesey's facial expression, that Geesey and Felice had to have known at that time of his candidacy for CEO. (See, Plaintiff's Brief in Opposition, p. 22). However, Plaintiff points to no evidence, beyond a smirk, to support that Felice or Geesey knew that Plaintiff applied for the CEO position prior to his termination. Plaintiff admitted during his deposition that other than Geesey's facial expressions at the time he was fired, he had no facts to support his claim that the promise of confidentiality was breached. Plaintiff testified as follows:

> Q: Brian, did you say to Jane Groves: "I know that Wanda Geesey knew I applied for the CEO job and that is why I was fired"?
>
> A: It's likely I said that.

Q: Okay. Were there any –

A: **Because of Wanda's facial expressions during my firing.**

Q: Okay. Was there any other reason, any other facts in your possession to give rise to that statement?

A: **No facts.**

Q: Okay. And did Groves say to you I don't know how Wanda could have known since all the resumes were sent directly to my search company and I – meaning Groves – hadn't spoken with Geesey about the candidate?

A: That sounds –

Q: Did she say that to you?

A: That sounds fair

(Dowling Transcript, Exhibit G to Defendant's Motion for Summary Judgment, p. 257) (emphasis added).

Plaintiff's claim of breach of confidentiality is based solely on speculation and conclusory allegations which cannot, as a matter of law, create issues of material fact, and therefore cannot survive summary judgment. (*See*, Blumenstock, 811 A.2d at 1040). Plaintiff's failure to adduce sufficient evidence as to breach, an issue essential to his case and on which he bears the burden of proof, establishes Defendants' entitlement to judgment as a matter of law. (*See*, Estate of Young, supra.)

II.    **Whether Plaintiff has produced evidence of facts essential to a cause of action for promissory estoppel**

Plaintiff's Amended Complaint asserts that, "in the event that it is determined that a fully integrated contract between Dowling and PPI does not exist for want of consideration, then Dowling asserts a claim for promissory estoppel against PPI." (Amended Complaint, ¶34). Plaintiff alleges that PPI, by way of its agent Groves, made a promise to him that, except for the search committee, no one at PPI would know if he submitted his resume for the CEO position

which PPI should have reasonably expected to induce action on his part. (Amended Complaint, ¶35). Plaintiff submitted his resume in reliance on this promise. (Amended Complaint, ¶36) Injustice can be avoided only by enforcing this promise because but for this promise, Plaintiff would still be employed. (Amended Complaint, ¶37).

The essential elements of a cause of action for promissory estoppel: (1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise. Crouse v. Cyclops Industries, 745 A.2d 606 (Pa. 2000). The doctrine of promissory estoppel is invoked to avoid injustice if there is no enforceable agreement between the parties in that it is not supported by consideration. Id. at 610. In support of his promissory estoppel claim, Plaintiff asserts that:

> Jane Groves made a promise to keep Brian's CEO candidacy confidential and she reasonably expected to induce him to submit his resume based upon that promise. Brian sent his resume to Groves in reliance on the promise that this action would remain confidential. The first working day after Groves said that she would report Brian's candidacy to the search committee, he was fired in Geesey's presence by Felice without reason and in violation of the procedures of the corporate handbook.

(Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment, p. 23).

However, as set forth above at length, Plaintiff points to no evidence that the alleged confidentiality agreement was breached, except for Plaintiff's observation that Geesey had a smirk on her face at the time Felice fired him, which Plaintiff would like the Court to infer that this indicated that Geesey and Felice had to know his candidacy and that is why he was fired. Of course, knowledge of Plaintiff's candidacy cannot be imputed on either Felice or Geesey based solely on

Geesey's facial expression. Such speculation cannot serve as a basis to enforce the alleged agreement in equity. Promissory estoppel is invoked in order to avoid injustice, it permits an equitable remedy to a contract dispute. Crouse v. Cyclops Indus., 745 A.2d at 610. In this case, Plaintiff fails to point to any concrete evidence of injustice as he has produced no evidence to support the alleged breach of the confidentiality agreement. Accordingly, Plaintiff's promissory estoppel claim cannot survive summary judgment.

III.     **Whether Felice and Geesey are entitled to summary judgment on the grounds that Dowling has failed to produce evidence of facts essential to an interference with contractual relations cause of action**

The four elements necessary for an intentional interference with a contractual relationship claim are: (1) The existence of a contractual relationship between the complainant and a third party; (2) An intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) The absence of a privilege of justification on the part of the defendant; (4) The occasioning of actual damages as a result of the defendant's conduct. Foster v. UPMC Southside Hospital, 2 A.3d 655, 665-666 (Pa. Super. 2010).

Again, we find no evidence of record beyond mere speculation to demonstrate an intent to harm Plaintiff by interfering with the alleged confidentiality agreement. Accordingly, Plaintiff's Intentional Interference With a Contractual Relationship claim must fail.

BRIAN DOWLING,                 :    IN THE COURT OF COMMON PLEAS OF

           Plaintiff             :    DAUPHIN COUNTY, PENNSYLVANIA

                                 :    NO. 2012-CV-10599-CV

           v.                  :

PENNSYLVANIA PSYCHIATRIC    :    CIVIL ACTION-LAW
INSTITUTE, MICHAEL J. FELICE,
and WANDA GEESEY,           :

           Defendants        :    JURY TRIAL DEMANDED

                                 :

## ORDER

AND NOW, THIS \_\_10ᵗʰ\_\_ day of January 2019, upon consideration of *Defendants'*

*Motion for Summary Judgement*, Plaintiff's Response thereto, and after entertaining oral argument

it is hereby **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

 

 

BY THE COURT:

 

John J. McNally, III, Judge

Distribution:
Richard C. Seneca, Esq., PO Box 333,680 Yorktown Road, Lewisberry, PA 17339
David B. Dowling, Esq., 2320 North 2ⁿᵈ Street, PO Box 60457, Harrisburg, PA 17106
Dauphin County Court Administrator